IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LAWRENCE E. COLEMAN                                                              PLAINTIFF

      v.                          Civil No. 1:07-cv-01006

SHERIFF JAMES ROBINSON;
JAIL ADMINISTRATOR DAVID
OLIVER; and JAILER WILLIE REED                                                   DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Lawrence E. Coleman, filed this civil rights action pursuant to the provisions of 42 U.S.C. § 1983 on January 24, 2007. He proceeds *pro se* and *in forma pauperis.* Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2007), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

By order entered on September 17, 2008 (Doc. 32), this case was scheduled for an evidentiary hearing on January 27, 2009. The parties were directed to file their responses to the court's scheduling order by January 7, 2009. By letter dated December 4, 2008, the parties were reminded of their obligation to file their responses to the court's scheduling order by no later than January 7, 2009.

Plaintiff failed to file his response to the scheduling order. For this reason, on January 8, 2009, I entered a show cause order (Doc. 35). Plaintiff was given until 1:00 p.m. on January 21, 2009, to show cause why he failed to comply with the court's scheduling order and why this case should not be dismissed based on his failure to comply with the court's order and his failure to prosecute this action. Plaintiff did not respond to the show cause order. I therefore recommend that this case be dismissed based on his failure to comply with the orders of the court and his failure to

prosecute this action.  Fed. R. Civ. P. 41(b).

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 22nd day of January 2009.

       /s/ Barry A. Bryant
      HON. BARRY A. BRYANT
      UNITED STATES MAGISTRATE JUDGE